Opinion of the Court, by
Judge Owsley.
Wells prosecuted suits and recovered judgments at law upon two obligations which had been previously executed to him by Query, one of which was for £21 7s. and the other for £46. After the debts were replevied, Wells assigned the bond taken for the £46 debt, to Tyler; and to prevent the collection of both of the demands, and obtain relief against the judgments, Query exhibited his bill in chancery, with injunction; and, as grounds for relief, charges the existence of demands against Wells in his favor, at the time the obligations were executed, and the payment of part of the judgments since they were obtained.
The answers of the present plaintiffs, who were defendants in the court below, admit part of the demands charged in the bill, and deny others; but allege matter in avoidance to all.
During the progress of the cause, the injunction was dissolved as to part, and the cause came on finally to be heard without any replication to the answer; and the court, being of opinion the defendant, Query, had maintained his equity, made the injunction for the re *211 sidue perpetual, and decreed the present plaintiffs to pay £21 17s. 1d.
Without entering into a minute discussion of the various items in the accounts exhibited by the parties, we have no doubt but what the exhibits and admissions of the present plaintiffs conclusively show that Query was entitled to relief for as much at least as was decreed in his favor; and as the accounts are shown also to form such a connexion with the obligations upon which the judgments at law were obtained, as to make an application to a court of equity peculiarly proper, the court below did right in giving relief, unless, as was contended in argument, the answers, as there was no replication filed, should be considered true in every respect. If they are so considered, then, as they allege in avoidance sufficient matter to repel all of the equity charged in the bill, no relief ought to have been given. That they should not be so considered, we apprehend, under the existing law of this country, is perfectly clear. It is true, according to the ancient chancery practice, as defendants were not permitted to take proof in support of their answers, until replication, and as the complainant might set the cause for hearing upon bill and answer only, whenever he did so, to prevent an injury accruing to the other party, on account of his not being allowed to take proof, the answer was considered as true; but, by our law, as the defendant may now take proof without a replication, and as the necessity of a replication is actually dispensed with by the act of 1810, it is clear, since then, the answer ought not to be taken as true, but the cause, for every purpose, should be heard as though a replication had been filed.
Notwithstanding, however, the defendant has shown himself entitled to relief, we are of opinion, as to the mode of relief given by the decree, it is erroneous; first, because, without showing that either Wells or Tyler has received the money under the judgments at law, they are directed to pay the amount to which Query was supposed to have shown himself equitably entitled; and secondly, if they had been proved to have received the money, the decree ought not to have been joint against them, but should have been so worded as by no possibility to have made Tyler liable to more than he had actually received; and then, as he is a bona fide assignee, he should be made accountable, upon the *212 event only of the amount not being made out of his assignor.
The decree must, therefore, be reversed with costs, and the cause remanded to the court below, and a decree there entered perpetuating an injunction against the judgments at law, to the amount for which Query is equitably entitled, if it should not appear by reference to the proceedings in the actions at law, that Query and Wells have received the amount; but if it should, then a decree to be entered according to the principles of this opinion.